vised release. The government's effort to read such a provision into the Juvenile Act fails. *Cf. Gasho v. United States,* 39 F.3d 1420, 1432 n. 11 (9th Cir.1994) (penal statutes must be construed strictly) (citing *United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820)). The district court had no authority to sentence Appellant to supervised release. The sentence was therefore illegal. *See, e.g., United States v. Cobbs,* 967 F.2d 1555, 1557–58 (11th Cir.1992) (holding that sentence not authorized by statute is illegal); *United States v. Wainwright,* 938 F.2d 1096, 1098 (10th Cir.1991) (same); *cf. Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916) (holding that probation ordered by a judge without statutory authority violated separation of powers principles). We so hold.[3]

The district court's February 25, 1994 order modifying Appellant's supervised release and its May 27, 1994 order revoking Appellant's supervised release and sentencing him to a four-year prison term are VACATED. This case is REMANDED with instructions to correct Appellant's sentence. The district court is further instructed to seal all materials relating to this juvenile proceeding, including its May 27, 1994 judgment and commitment, as required by 18 U.S.C. § 5038(e).

WIGGINS, Circuit Judge, concurring:

I concur in the majority's opinion. I write separately to add a few comments. The defendant in this case was originally sentenced to five years of detention for second degree murder. He then twice violated the terms of his supervised release, with his second violation resulting in a four-year sentence in an adult correctional facility. That sentence has been vacated by our holding that defendant's original supervised release term was not a permissible sentencing option under the Juvenile Act.

We all hope the defendant has learned his lesson and will not find himself in legal trouble in the future. If he does run afoul of the law, however, he will no longer be able to avail himself of the lenient provisions of the Juvenile Act (the defendant is now over eighteen). Instead, he will face a criminal justice system in which the punishment more accurately reflects the gravity of the crime.

Maria–Kelley F. YNIGUEZ; Jaime P. Gutierrez, Plaintiffs–Appellees,

and

Arizonans Against Constitutional Tampering, Intervenors–Plaintiffs–Appellees,

and

State of Arizona; Rose Mofford; Robert Corbin, et al., Defendants–Appellees,

v.

ARIZONANS FOR OFFICIAL ENGLISH; Robert D. Parks, Intervenors–Defendants–Appellants.

Maria–Kelley F. YNIGUEZ, Plaintiff–Appellant,

v.

STATE OF ARIZONA; Rose Mofford; Robert Corbin, et al., Defendants–Appellees,

and

Arizonans For Official English; Robert D. Parks, Intervenors–Defendants–Appellants.

Maria–Kelley F. YNIGUEZ, Plaintiff–Appellee,

v.

STATE OF ARIZONA; Rose Mofford; Robert Corbin, et al., Defendants–Appellants.

Nos. 92–17087, 93–15061 and 93–15719.

United States Court of Appeals,
Ninth Circuit.

May 12, 1995.

WALLACE, Chief Judge.

Upon the vote of a majority of nonrecused regular active judges of this court, it is or-

---

**3.** Because we hold the sentence illegal, we do not reach Appellant's other arguments attacking the

revocation of his supervised release.

dered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

District of California for further proceedings. 28 U.S.C. § 1631.

Nadja Sahliger SCHEP, Petitioner,

v.

RESOLUTION TRUST CORPORATION, Respondent.

No. 93–70905.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 1995.

Decided May 17, 1995.

Thomas A. McWatters III, James M. Harris, Sidley & Austin, Los Angeles, CA, for petitioner.

Roy A. Jeys, Wilson & Becks and Constance G. Brigham, Los Angeles, CA, and Mitchell E. Plave, Washington, DC, for respondent.

Before BEEZER and TROTT, Circuit Judges and SHUBB*, District Judge.

### ORDER

We conclude that we lack jurisdiction over this petition for the reasons set forth in *Massachusetts v. FDIC*, 47 F.3d 456 (1st Cir.1995). The petition is transferred to the United States District Court for the Central

* The Honorable William B. Shubb, United States District Judge for the Eastern District of Califor-

DIAMOND WALNUT GROWERS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

DIAMOND WALNUT GROWERS, INC., Respondent.

Nos. 93–70856, 93–70908.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 1995.

Decided May 18, 1995.

nia, sitting by designation.